IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY STARK,

    Plaintiff,

v.                                          CASE NO. 1:17-cv-47-MW-GRJ

UNITED STATES OF AMERICA,[1]

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a civil rights complaint. (ECF No. 1.) The Complaint was deficient for a multitude of reasons, and the Court directed Plaintiff to file an amended complaint. (ECF Nos. 4 & 8.) Plaintiff was granted leave to proceed *in forma pauperis*, ECF No. 9, and this case is now before the Court for the screening of Plaintiff's amended complaint. (ECF No. 10.) For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim for which relief may be granted and as frivolous.

---

[1] The first page of Plaintiff's Complaint names as Defendant "United States, et al., the 50 nations of." On page three of Plaintiff's Complaint, he lists "United States Gov." as the Defendant. Because there is no such thing as the 50 Nations of the United States, the Court construes Plaintiff's Complaint as being a Complaint against the United States of America. Accordingly, that is the correct Defendant in this case.

Plaintiff's factual allegations in support of his complaint are vague, conclusory, and nonsensical. Plaintiff's statement of facts, in its entirety, reads as follows: "1) Lableing [sic] me 24/7 on web. but no-one [sic] else (Felon) 'on a flashing.' 2) Brought threats. 3) Hard to make a living. 4) It is a Hate crime that my own government put on me and others."

In the statement of claims portion of the complaint, where Plaintiff was instructed to be specific in stating which rights under the Constitution, laws, or treaties of the United States have been violated, Plaintiff again made conclusory allegations. He stated "1) my civil rights/constitutional rights. 2) my safty [sic]. 3) Finding good work, real real hard." As relief, Plaintiff stated only that he cannot put a price on his life or the well-being of his children.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v.*

*Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*)*.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor  v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Based on Plaintiff's factual allegations and statement of claims, it is clear that Plaintiff has no basis in facts or law for a violation of his rights by the United States. That Plaintiff stated that his civil and constitutional rights have been violated is not enough to state a claim for which relief may be granted without any factual allegations to support a violation of those rights by Defendant. Accordingly, Plaintiff's complaint is due to be dismissed for failure to state a claim and as frivolous.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(i)–(ii) as frivolous

and for failure to state a claim.

**IN CHAMBERS** this 16th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**